IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONALD R. FARIES | § |
| | § |
| vs. | §   CIVIL ACTION NO. 4:24-CV-00582-Y |
| | § |
| LAW OFFICE OF | § |
| DAVID W. GHISALBERT | § |

DEFENDANT'S RULE 12(B)(3) MOTION TO DISMISS LAWSUIT,
OR IN THE ALTERNATIVE, DEFENDANT'S MOTION TO
TRANSFER VENUE UNDER 28 U. S. C. §1404(a)

TO THE HONORABLE TERRY R. MEANS, SENIOR UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Defendant Law Office of David W. Ghisalbert (the "Defendant"), who files this Motion under Fed. R. Civ. P. 12(b)(3) to Dismiss this Lawsuit due to an improper forum, or in the alternative, Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Texas, Houston Division, in furtherance of 28 U.S.C. §1404(a). In support thereof, Defendant would respectfully show unto the Court as follows:

I.

INTRODUCTION and REQUEST FOR RELIEF

1. This is a lawsuit filed under the Federal Fair Debt Collection Practices Act which apparently arose out of Plaintiff's anger at receiving three letters demanding payment for laboratory testing services rendered in Bucks County, Pennsylvania upon specimens referred by a medical service provider to a third-party facility. The case does not arise from any event or omission occurring in the Northern District of Texas. The Defendant does not reside in this District, nor is the Defendant's principal place of business located in this District. Plaintiff's choice of venue was improper. Hence, the case should be dismissed under Fed. R. Civ. P. 12(b)(3).

2. Alternatively, Defendant requests the Court to transfer this case to the Houston Division of the United States District Court for the Southern District of Texas pursuant to either 28 U.S.C. §1404(a) or 28 U.S.C. §1406(a).

II.

PROCEDURAL HISTORY

3. Plaintiff Ronald R. Faries (the "Plaintiff") filed his original complaint in this lawsuit on June 21, 2024 (Doc. 1). Summons was issued the same day (Doc. 5). The Defendant was served with summons and complaint on June 27, 2024 (Doc. 6).

4. Defendant's deadline herein to file either his original answer or a motion under Fed. R. Civ. P. 12(b) is July 18, 2024 (21 days after the date of service).

III.

FACTUAL BACKGROUND

5. The Law Office of David W. Ghisalbert is a d/b/a for David W. Ghisalbert, attorney at law. See p. 1, ¶ 2 of the attached Declaration of David W. Ghisalbert, a true and correct copy of which is attached hereto and incorporated herein for all purposes as Exhibit "1." The Defendant is a member in good standing of the State Bars for both the State of Texas and the Commonwealth of Pennsylvania. *Id.* The Defendant is not a collection attorney. Defendant's practice focuses on business and commercial litigation in both state and federal courts located throughout the country, with an emphasis on ERISA and related health care litigation. *Id.*

6. Amongst Defendant's clients is a laboratory testing facility known as Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis DX"). Ex. 1, p 1, ¶ 3. Genesis DX is a foreign limited liability company based in the Township of Langhorne, in Bucks County,

Pennsylvania. See p 2, ¶ 7 of the attached Declaration of Abraham Miller, a true and correct copy of which is attached hereto and incorporated herein for all purposes as Exhibit "2."

7. Genesis DX operated a CLIA licensed medical testing laboratory business based in Langhorne, Pennsylvania. Ex. 2, p 2, ¶ 8. Genesis DX performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services at its facilities located in Bucks County, Pennsylvania upon specimens collected by medical service providers for the benefit of their patients, and thereafter referred to Genesis DX for laboratory testing services via requisitions signed by those respective patients. Ex. 2, p 2, ¶¶ 8 through 10.

8. The Plaintiff was a patient whose specimens were collected by his medical service provider. Ex. 2, p 2, ¶ 10. Thereafter, on September 5, 2019 those specimens were forwarded to Genesis DX on behalf of the Plaintiff via a requisition for laboratory testing services signed by the Plaintiff. Ex. 2, p 2, ¶ 11; *see* also Exhibit "2(a)." The requisition signed by the Plaintiff states in pertinent part as follows:

> I hereby assign all rights and benefits under my health plan and all rights and obligations that I and my dependents have under my health plan to Genesis Diagnostics, its assigned affiliates and their authorized representatives for laboratory services furnished to me by Genesis Diagnostics. I irrevocably designate, authorize and appoint Genesis Diagnostics or its assigned affiliates and their authorized representatives as my true and lawful attorney-in-fact for the purpose of submitting my claims, obtain a copy of my health plan document and SPD and pursuing any request, disclosure, appeal, litigation or other remedies in accordance with the benefits and rights under my health plan and in accordance with any federal or state laws. . . . ***I understand acceptance of insurance does not relieve me from any responsibility concerning payment for laboratory services and that I am financially responsible for all charges whether or not they are covered by my insurance***. (emphasis added).

Ex. 2, pp 2 and 3, ¶ 12; *see* also Exhibit 2(a).

9. After receipt of the referrals for laboratory testing services, Genesis DX received Plaintiff's specimens on September 6, 2019. Ex. 2, p 3, ¶ 13. Genesis DX performed the requested

Page 3 of 15

tests, prepared the reports regarding the findings of those tests, uploaded the data, and made the test results available to Plaintiff's medical service provider on September 10, 2019. *Id.* Genesis DX's claims were thereafter submitted to Plaintiff's insurer for payment. Ex. 2, p 3, ¶ 14. According to the insurer, Plaintiff's responsible portion for payment of the laboratory testing services totaled the amount of $132.02. *Id.*; *see* also Exhibit 2(b). The Plaintiff did not pay the co-insurance associated with his patient responsibility. Ex. 2, p 3, ¶ 14.

10. All data and information regarding laboratory testing services performed on patient specimens (including the Plaintiff) are maintained by Genesis DX on its computer servers located in Bucks County, Pennsylvania. Ex. 2, p 3, ¶ 15. Those electronic records include patient requisition forms, assignments of benefits, the patients' medical histories, doctor's notes and diagnoses, prescription-drug information, letters of medical necessity, Genesis' clinical-laboratory test results, billing records, and invoices. The records maintained on those computer servers can only be accessed through Genesis DX's proprietary software. *Id.*

11. All specimens collected and forwarded to Genesis for laboratory testing were maintained and preserved in Genesis's facilities located in Langhorne, Bucks County, Pennsylvania. Ex. 2, p 3, ¶ 16. All Laboratory Testing Services rendered to patients (including the Plaintiff) were performed at Genesis's facilities located in Langhorne, Bucks County, Pennsylvania. *Id.*

12. After the Laboratory Testing Services were performed, Genesis uploaded the results of those tests to a private internet website, and made the results available online to a patient's physician or other medical service provider through a password. All results were uploaded from Genesis's computer servers located in Langhorne, Bucks County, Pennsylvania. Ex. 2, p 3, ¶ 17.

13. All invoicing for claims arising out of the laboratory testing services are prepared by Genesis DX in Langhorne, Pennsylvania and billed directly to the patient, or a patient's third-party insurer, or to Medicare/Medicaid. Ex. 2, p 3, ¶ 18.

14. Due to Plaintiff's failure to pay for the co-insurance owed by him for the laboratory testing services rendered on his specimens, Genesis DX referred his matter to Defendant's law office for follow up. Ex. 2, p 4, ¶ 19. In that connection, three (3) demand letters were sent by the Defendant to Plaintiff seeking payment for Plaintiff's co-insurance responsibility associated with the laboratory testing services rendered to him. Ex. 1, pp 1 and 2, ¶¶ 4 and 5; *see also* Exhibits "1(a)" through "1(c)." The total amount in co-pays owed by the Plaintiff equaled $132.02. Ex. 1, p 2, ¶ 6; *see also* Exhibit 1(c).

15. Other than sending the three (3) demand letters, the Defendant has not engaged in any other collection activities against the Plaintiff. Ex. 1, p 2, ¶ 7. Instead of paying the relatively small debt owed (a total of $132.02 in co-insurance that was the responsibility of the patient), Plaintiff chose to forum shop and initiate this lawsuit in the District wherein he resides.

16. The Defendant does not reside within the Northern District of Texas. Ex. 1, p 2, ¶ 8. The Defendant's principal place of business is not located in the Northern District of Texas. *Id.* Rather, the Defendant's principal place of business, and his domicile are both located in Fort Bend County, Texas, which is located within the boundaries of the Houston Division of the Southern District of Texas. *Id.* No events, transactions, or occurrences relevant to this lawsuit took place in the Northern District of Texas. Ex. 1, p 2, ¶¶ 8 through 11. Instead, those actions took place either in Bucks County, Pennsylvania, or in Fort Bend County, Texas. *Id.*

IV.

ARGUMENT and AUTHORITIES

17. Defendant realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 16 above.

### (a) Dismissal Under Fed. R. Civ. P. 12(b)(3).

18. A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013); *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003).

19. Venue must be established for each separate cause of action alleged in the complaint. *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013) (citing *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001). In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments," *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir. 2009), and must view all the facts in a light most favorable to the plaintiff, *see Id.* at 237.

20. If a case does not fall within the provisions found under §1391(b)(1) – (3), then venue is improper. *Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 56 (2013). As noted by the Supreme Court, venue is "designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979). If the court finds that venue is improper, then the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought." 28 U.S.C. §1406(a); *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).

21.     "[A] plaintiff's residence is an irrelevant consideration in determining proper venue." *Moran v. Smith*, 2016 WL 4033268, at *2 (W.D. Tex. July 27, 2016) (citing 28 U.S.C. §1391(b)). Venue is proper where a defendant is either a resident of the District wherein suit is filed, or where a defendant conducts its principal place of business. 28 U.S.C. §1391(b)(1) and (2). However, neither of these code provisions apply to this lawsuit. Defendant's principal place of business is in the Southern District of Texas, and the Defendant does not reside within the Northern District of Texas. Ex. 1, p 2, ¶¶ 8 and 9. Defendant affirmatively submits that suit may properly be brought in either the Houston Division of the Southern District of Texas (where Defendant resides and maintains his principal place of business) [*see* Exhibit 1], or, alternatively, in the Philadelphia Division of the Eastern District of Pennsylvania. *See* 28 U.S.C. §1391(b)(3) (where the events, transactions, and/or occurrences giving rise to Plaintiff's claims predominantly took place). *See* Exhibits 1 and 2.

22.     Since none of the provisions found under 28 U.S.C. §1391(b)(1) – (3) apply to Plaintiff's filing of this lawsuit in the Northern District of Texas, venue is improper herein. Hence, Defendant requests the Court to dismiss this lawsuit in furtherance of Fed. R. Civ. P. 12(b)(3), or, in the alternative, to transfer venue of this case to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. §1406(a). When a case is filed in the wrong venue, §1406(a) instructs the court to either to dismiss the case under Rule 12(b)(3) or, "if it be in the interest of justice," to transfer the case to a district where venue is proper. *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1699 (2018).

**(b)       Alternative Request to Transfer Venue Under 28 U.S.C. §1404(a).**

23.     In the alternative, if the Court were to find that venue is proper in this Division, it should nevertheless, pursuant to 28 U.S.C. §1404(a), transfer the case to either the Houston Division of the Southern District of Texas, or the Philadelphia Division of the Eastern District of Pennsylvania.

24.     Under section 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

25.     Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)).

26.     "[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, §1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc). "Where the plaintiff's chosen forum has no factual nexus to the case, that choice carries little significance if other factors weigh in favor of transfer." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D.

Tex. 2001); *see also, e.g.*, *Chapman v. Dell, Inc.*, No. 09-cv-7, 2009 WL 1024635, at *4 (W.D. Tex. Apr. 15, 2009) (deference to a plaintiff's choice of forum is lessened when "'the operative facts of the dispute occur[red] outside the [Plaintiffs'] chosen forum.'" (quoting *Icon Indus. Controls Corp. v. Cimetrix, Inc.,* 921 F. Supp. 375, 383 (W.D. La. 1996))).

27. "The underlying premise of §1404(a) is that courts should prevent plaintiffs from abusing their privilege under [28 U.S.C.] §1391 by subjecting defendants" to venues that lack any substantial connection to the litigation. *In re Volkswagen of Am., Inc.*, 545 F.3d at 313. By filing in a District and a Division that have no connection to the claims, parties, or potential witnesses in this case, Plaintiff has "abus[ed] [his] privilege under §1391." *Id.* Transfer is warranted here "[f]or the convenience of parties and witnesses," and because transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a).

28. Preliminarily, it must be noted that this lawsuit could have been brought either in the United States District Court for the Southern District of Texas, or in the United States District Court for the Eastern District of Pennsylvania. *In re Volkswagen of Am.*, *Inc*., 545 F.3d at 312 (The preliminary question under §1404(a) is whether a civil action might have been brought in the destination venue.). As noted in the factual recitation section above, the Defendant resides in and maintains his principal place of business in Fort Bend County, Texas, which is located within the boundaries of the Southern District of Texas. Ex. 1, p 2, ¶¶ 8 and 9. The events underlying this lawsuit predominantly took place in the Southern District of Texas via the preparation and sending of the three (3) demand letters [*see* Exhibit 1, p 2, ¶ 9; *see also* Exhibits 1(a) – 1(c)], and the Eastern District of Pennsylvania via the laboratory testing services performed by Genesis DX. Ex. 2, pp 2 and 3, ¶¶ 9 through 18; *see also* Exhibits 2(a) and 2(b). Hence, either locale would constitute proper venue.

29. A review of Plaintiff's complaint reveals that he asserts venue in this District pursuant to §1391(b)(2), which allows a party to file a civil action in any judicial district in which "a substantial part of the events or omissions" that gave rise to its claims occurred. 28 U.S.C. §1391(b)(2). (Doc. 1, p 1, ¶4). The only "event" that took place in the Northern District of Texas is that the Plaintiff received three (3) demand letters. *See* Ex. 1, p 2, ¶¶ 8 through 11. No other collection activities took place in this District. *Id.*

30. "Although [a] chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008). "That means for venue to be proper, *significant* events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other *material* events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2nd Cir. 2005). "In determining whether or not venue is proper under this provision, the Court looks to the defendant's conduct, and where that conduct took place, rather than focusing on the activities of the plaintiff." *Gault v. Yamunaji, L.L.C.*, 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009) (J. Sparks) (citing *Goff v. Hackett Stone Co.*, 185 F.3d 874, 1999 WL 397409, at *1 (10th Cir. 1999); *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995); *Bigham v. Envirocare of Utah*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000)).

31. Plaintiff contends that "he never received the medical services in connection with the subject debt, and thereby does not owe the subject debt." (Doc. 1, p 2, ¶10). However, as reflected in Exhibits 2(a) and 2(b), the Plaintiff clearly assigned payment benefits to Genesis DX with respect to laboratory testing services requested by his medical service provider, and Genesis DX performed those services in Langhorne, Pennsylvania. Ex. 2, pp 2 and 3, ¶¶ 10 through 16. Thereafter, Genesis DX uploaded the results of those tests and electronically forwarded the test

results to Plaintiff's medical service provider. Ex. 2, p 3, ¶ 13. Thus, services were clearly rendered on Plaintiff's behalf, and as noted in the signed assignment of benefits section, Plaintiff remained liable for the value of his co-pays (Ex. 2, pp 2 and 3, ¶ 13 [*I understand acceptance of insurance does not relieve me from any responsibility concerning payment for laboratory services and that I am financially responsible for all charges whether or not they are covered by my insurance*.], which he did not pay. Ex. 1, p 2, ¶ 6, and Ex. 2, p 3, ¶ 14. Hence, contrary to Plaintiff's misrepresentations, he did receive services from Genesis DX, and those services were rendered in Bucks County, Pennsylvania.

32.     The three (3) demand letters complained of by the Plaintiff were prepared by the Defendant, and sent from his principal place of business in Fort Bend County, Texas. Ex. 1, p 2, ¶ 9. When this information is combined with the testing services rendered by Genesis DX in Langhorne, Pennsylvania, it means that the most substantial and relevant events underlying the issues in this lawsuit took place in the Southern District of Texas and the Eastern District of Pennsylvania; not this District. "[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district." *Gault*, 2009 WL 10699952, at *5.

33.     The public and private factors that guide a section 1404 analysis all favor transfer here. *See Volkswagon*, 545 F.3d at 315; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). Once the Court determines that a civil action may be brought in another destination, the focus thereafter shifts to assess whether a proposed transferee venue would be "clearly more convenient" for the parties. *Id.* at 315. The Court may consider any number of factors, including "private interest factors" such as "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing

witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 315. The Court may also consider "public interest factors," such as "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. These factors "are not necessarily exhaustive or exclusive." *Id.* Further, the public factors collectively — which include "systemic integrity and fairness," *Stewart Org.*, 487 U.S. at 30 — "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

34. The private factors, which focus on the convenience of the parties and witnesses in litigating in the chosen District or Division, strongly favors transfer. Defendant resides in and maintains his principal place of business in the Southern District of Texas. His records are all maintained in that District. The records of Genesis DX are maintained in Langhorne, PA, and can be accessed through the Defendant via his offices in Fort Bend County, Texas. Witnesses related to Genesis DX are in the Eastern District of Pennsylvania. Clearly it would be more convenient for the parties to try this case in either the Southern District of Texas or the Eastern District of Pennsylvania.

35. The public interest factors also militate in favor of transfer. Other than the Plaintiff residing in this District, the Fort Worth Division of the Northern District of Texas has no "local interest" whatsoever in having the case adjudicated here. Further, Plaintiff has not identified anyone in this District or Division who has "an interest — that is, a stake — in the resolution of this controversy." *Volkswagen*, 545 F.3d at 318. "In short, there is no relevant factual connection

to" this District or Division. *Id.* In such circumstances, it is an abuse of discretion to "deny transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

IV.

CONCLUSION

36.　　This Division is not the appropriate forum for Plaintiff's claims. For the reasons articulated herein, the Court should dismiss this lawsuit in furtherance of Fed. R. Civ. P. 12(b)(3), or, in the alternative, transfer venue of this case to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. §1406(a).

37.　　In the alternative, the Court should transfer venue of this action to either the Houston Division of the United States District Court for the Southern District of Texas, or the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania in furtherance of 28 U.S.C. §1404(a).

WHEREFORE, PREMISES CONSIDERED, Defendant Law Office of David W. Ghisalbert prays for the Court to grant the motion and dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(3), or in the interest of justice and fairness, to transfer this case to the Houston Division of the United States District Court for the Southern District of Texas in furtherance of 28 U.S.C. §1406(a); in the alternative, for the convenience of the parties, the witnesses, and access to evidence, to transfer this case to either the Houston Division of the Southern District of Texas or the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a); and for such other and further relief as the Court deems just.

Respectfully submitted this 16th day of July, 2024.

          LAW OFFICE OF DAVID W. GHISALBERT

By:     / S /   D.W. Ghisalbert
       David W. Ghisalbert
       Texas Bar No. 24043687
       Federal ID No. 21818
       5907 Bonita Creek
       Missouri City, Texas 77459
       (713) 808-9697 [telephone]
       (713) 893-6942 [facsimile]
       dghisalbert@dwglawoffice.com  [email]

       COUNSEL FOR DEFENDANT,
       LAW OFFICE OF DAVID W. GHISALBERT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Defendant's foregoing Motion under Fed. R. Civ. P. 12(b)(3) to Dismiss this Lawsuit due to an improper forum, or in the alternative, Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Texas, Houston Division, in furtherance of 28 U.S.C. §1404(a) was served by either electronic document service (*e-serve*), email, facsimile transmission, or via certified first-class United States mail, postage pre-paid and return receipt requested upon Counsel for the Plaintiff, at the address reflected in the service list below, on this the 16th day of July, 2024.

        / S / D.W. Ghisalbert
       David W. Ghisalbert

Service List:

Mohammad O. Badwan
Sulaiman Law Group, Ltd.
2500 S Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8188 [facsimile]
mbadwan@sulaimanlaw.com [email]

COUNSEL FOR PLAINTIFF,
RONALD R. FARIES

## **CERTIFICATE OF CONFERENCE**

      As required by Local Rule 7.1(b), I certify that on July 15, 2024 I contacted counsel for the Plaintiff, Mohammad O. Badwan, regarding Defendant's foregoing motion. On July 16, 2024 Mr. Badwan returned my communication and the parties conferred on Plaintiff's motion. This is to confirm for the Court that Plaintiff opposes the motion on the basis that Plaintiff believes venue is appropriate in this Division and this District. Hence, Defendant's alternative motion to transfer venue of this case is opposed.

                                                            / S /   D.W. Ghisalbert
                                                           David W. Ghisalbert

                                                          July 16, 2024
                                                          [Date]